UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE ROUNDS and THOMAS
ROUNDS,

    Plaintiffs,

v.                                      CASE NO.: 8:10-cv-1219-T-23AEP

GENZYME CORPORATION,

    Defendant.
_____/

## **ORDER**

Before addressing the merits of any case, a determination is required as to "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, the issue of subject-matter jurisdiction may be raised sua sponte "at any stage in the litigation." Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded."). The plaintiffs sued (Doc. 2) in state court and alleged both negligence and loss of consortium. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332. This action merits remand because the removing documents fail to establish a basis for federal jurisdiction.

Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See Allen v. Toyota Motor Sales,

U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.00. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 2010 WL 2278358, *8 (11th Cir. 2010). However, "without facts or specific allegations, the amount in controversy c[an] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." 2010 WL 2278358 at *7 (quoting Lowery v. Alabama Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.[1]

In this action, the defendant provides only a conclusory allegation in the notice of removal that the amount in controversy exceeds $75,000.00. The defendant offers no evidence of the jurisdictional amount, and neither the notice of removal nor the complaint (Doc. 2) provide any underlying fact supporting the conclusion that the plaintiffs suffered damages in excess of $75,000.00. Instead, the defendant invites impermissible speculation. Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for lack of subject matter jurisdiction. The Clerk is directed to (1) mail a

---

[1] See also Lowery, 483 F.3d at 1217, cert. denied, 128 S. Ct. 2877 (2008), ("Though the defendant in a diversity case . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.").

certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Polk County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on June 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE